Flatbush Chiropractic, P.C., as Assignee of PIERRE LUXIO, Appellant, 
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered May 6, 2015. The order granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for leave to renew its prior motion for summary judgment, which had been denied by an order of the same court (Larry Love, J.) entered March 7, 2013.




ORDERED that the order entered May 6, 2015 is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant cross-moved for a stay, arguing that there was a question as to whether plaintiff's assignor had been injured during the course of his employment, thereby requiring that the matter be submitted to the Workers' Compensation Board (Board). In an order entered March 7, 2013, the Civil Court (Larry Love, J.) denied plaintiff's motion and granted defendant's cross motion, finding that, since there was an issue of fact as to whether the accident had occurred in the course of the assignor's employment, Board resolution was required. The order further stated that should the matter not be filed with the Board "within 90 days of this order, the action may be dismissed, absent any good cause from the plaintiff."
Approximately 21 months later, defendant moved to dismiss the complaint based upon plaintiff's failure to comply with the Civil Court's March 7, 2013 order, i.e., to demonstrate by June 7, 2013 (90 days from the date of the court's order) that an application to the Board had been made. Plaintiff cross-moved for leave to renew its motion for summary judgment based on "new facts not offered on the prior motion that would change the prior determination (CPLR 2221 [e] [2])." In support of renewal, plaintiff offered, among other things, an affidavit by a paralegal of plaintiff's counsel's firm, who had requested that a Board employee conduct a search of plaintiff's assignor's name in the Board's database, which found no record of plaintiff's assignor having made an application for workers' compensation benefits. From this "new evidence," plaintiff concluded that the matter was not subject to or covered by the Workers' Compensation Law and that there was no Board jurisdiction. Plaintiff reasoned that since it had demonstrated in its prior motion that it was entitled to summary judgment, defendant was responsible for payment of plaintiff's claims for assigned no-fault benefits.
In an order entered May 6, 2015, from which plaintiff appeals, the Civil Court (Terrence C. O'Connor, J.) granted defendant's motion to dismiss the complaint and denied plaintiff's cross [*2]motion for leave to renew its prior motion for summary judgment. We affirm.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and must "contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). We note that a claim for workers' compensation benefits must be filed by the injured worker on a particular Board form within two years after the date of the accident (Workers' Compensation Law § 28) and may not be assigned (Workers' Compensation Law § 33). Plaintiff did not demonstrate that its assignor had made a proper application for workers' compensation benefits (see A. B. Med. Servs., PLLC v American Tr. Ins. Co., 34 Misc 3d 141[A], 2012 NY Slip Op 50076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Since it cannot be said that the alleged "new facts" offered by plaintiff would have changed the prior determination, and since plaintiff did not show good cause why the complaint should not be dismissed, the Civil Court properly denied plaintiff's cross motion for leave to renew and granted defendant's motion to dismiss the complaint.
Accordingly, the order is affirmed.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017